Michael Machat, Esq. SB#109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Telephone: (310) 860-1833
Email:  michael@machatlaw.com

David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab Samuel (SBN 228296)
esamuel@hdmnlaw.com
HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff
Vampire Family Brands, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN  DIVISION

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT and  UNFAIR COMPETITION** |
| vs. | |
| THE HERSHEY COMPANY, and DOES 1 – 20, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff VAMPIRE FAMILY BRANDS, LLC hereby alleges and asserts:

## I.    JURISDICTION AND VENUE

1.    Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2.    This action arises under the Trademark Laws of the United States, including particularly, Section 43 of the Lanham Act, 15 U.S.C. §1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(b).

## II.    THE PARTIES

3.    Plaintiff VAMPIRE FAMILY BRANDS, LLC ("VAMPIRE FAMILY BRANDS") is a Delaware Limited Liability Company with its main business office located in Los Angeles County, California.

4.    Defendant The Hershey Company ("Hershey's), is upon information and belief, a Delaware Limited Liability Company, headquartered in Hershey, Pennsylvania from which it sells chocolate throughout the United States, including this District where it has shipped the accused product.

5.    Plaintiff does not know the true names or capacities of defendants named herein as DOES 1 through 20 inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances alleging the liability of said defendants at such time as the same is ascertained.  Plaintiff is informed and believes and, on that basis, alleges that each fictitiously named cross-defendant is responsible in some

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were  proximately caused by the conduct of such defendants.

6.     At all times herein mentioned, Plaintiff is informed and believes and based thereon alleges that, at all times herein mentioned, each of the defendants sued herein, were the agents, servants, employees or attorneys of their co- defendants, and in doing the things hereinafter alleged were acting within the purpose, course and scope of such agency and employment, and with the authority, permission and consent of their co-Defendants.

## III.   FACTS GIVING RISE TO THIS ACTION

7.     Plaintiff VAMPIRE FAMILY BRANDS via its predecessors in interest has been marketing food and beverages under the following brand names for many years, including:  VAMPIRE (for wines – US Trademark Registration No. 2263907); DRACULA (for wine – US Trademark Registration No. 3319536); VAMPYRE (for Spirits – US Trademark Registration No. 3082097); VAMPIRE (for chocolate and coffee  - US Trademark Registration No. 3669827) VAMPIRE for Olive oil and Balsamic vinegar – US Trademark Registration No. 4776927); VAMP H20 (for Water – US Trademark Registration No. 3895288);  VAMPIRE (for Restaurant and Bar Services – US Trademark Registration No. 3978444); VAMPIRE (for Glass beverage-ware -- US Trademark Registration No. 3290011); and VAMPIRE TACO (for Tacos – US Trademark Registration No. 4939034).

8.     By virtue of its extended use in commerce, several of the aforementioned registrations have become incontestable, including its registration numbers 2263907, 3082097, 3290011, 3319536, 3669827, and 3978444.

9.     VAMPIRE FAMILY BRANDS also is the owner of the slogans TASTE OF IMMORTALITY and SIP THE BLOOD OF THE VINE, (TM Registrations 3167606 and 3079403, respectfully.)   Both of these marks also have become incontestable.

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

10.    The origin of Vampire wine, and VAMPIRE FAMILY BRAND's claim of right goes back to 1988, when its founder released a French bottled Algerian Syrah under the brand name Vampire.  The first sale was to MCA Records and Alice Cooper, and the wine was promoted under the slogan, "Sip the Blood of the Vine." Vampire Family Brand's predecessors in interest began to use the slogan "Taste of Immortality" by at least 1995, if not earlier.  Although the labels have changed over the years, along with the sourcing from Algeria to Italy to Transylvania and finally to Napa, the marketing has remained playful.

11.    However, as the source of the wine shifted from Transylvania, Romania to Napa, California, the marketing evolved to emphasize that the quality of the wine was actually extremely good, with Vampire wine having won numerous gold medals throughout the years and winning scores of 90 Points and higher.

12.    Plaintiff's VAMPIRE family of brands are available for the world to see on its website VAMPIRE.COM, and Plaintiffs' family of VAMPIRE Brands have received coverage in various national magazines and newspapers, including Maxim, InStyle, Elle, Shape, Star Magazine, the New York Times, the LA Times, the Houston Chronicle, The Star Tribune, The Chicago Sun Times, and many more.  In addition, Plaintiffs' VAMPIRE family of brands have been shown on various national television shows, such as The View with Oprah Winfrey, Anderson Cooper for approximately five minutes with Ashley Greene from Twilight fame, CNN Headline News, MTV's Viva La Bam, Food TV, and many more.

13.    Plaintiff has been selling its VAMPIRE Fine Belgian Chocolate for approximately ten years.  It is a truly high-quality chocolate imported from Belgium and available in one-ounce bars.  Each bar of VAMPIRE Chocolate is marked with the VAMPIRE branding, as is the packaging for each bar and for each box.  The cacao content in Vampire Fine Belgian Chocolate is amongst the highest available

and qualitatively speaking, it is in the ranks of the finest chocolates from Belgian and Switzerland.

14.    America also makes some fine chocolates, but the quality varies tremendously.   Ghirardelli for instance has a reputation for making exceptional chocolates out of San Francisco, California.  Sees Chocolates out of Los Angeles is widely known and many people's favorite and since its acquisition by Warren Buffett's company has expanded into airports throughout the country.

15.    At the lowest end of the extreme of quality chocolates is Hershey's KISSES and Hershey's chocolates in general.  Upon information and belief, in order to maintain corporate profits, Hershey's successfully lobbied the Food and Drug Administration ("FDA") to change the US Government's definition of chocolate to allow them to use less cacao, the primary ingredient of chocolate which comes from the cacao tree.

16.    It's a mystery to consumers what substances are actually inside a Hershey's KISS.  But according to the package of the accused product, the ingredients listed are those listed below, in the order listed on the package:

> MILK CHOCOLATE (SUGAR, SKIM MILK, COCOA BUTTER; CHOCOLATE; MILK FAT; LECITHIN (SOY); NATURAL FLAVOR; SUGAR; CORN SYRUP; HIGH FRUCTOSE CORN SYRUP; CONTAINS 2% OR LESS OF: SORBITOL; CITRIC ACID; NATURAL FLAVOR; POTASSIUM SORBAATE, TO MAINTIAN FRESHNESS; INVERTASE; ARTIFICIAL COLOR [RED 40]

17.    By contrast, the ingredients of a bar of VAMPIRE fine Belgium Milk Chocolate are simply:  sugar, cocoa butter, full cream milk powder, cocoa beans, vanilla, soy lecithin (an emulsifier) while a bar of VAMPIRE fine Belgium Dark Chocolate are simply: Cocoa beans, sugar, cocoa butter, soy lecithin (an emulsifier.)

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

18.   The cocao content in VAMPIRE Fine Belgium Milk Chocolate is 33%, and the cocao content in VAMPIRE Fine Belguim Dark Chocolate is 60%. HERSHEY'S KISSES do not taste like gourmet chocolate due to their low cocao content and the  addition of artificial substances that one would not find in gourmet chocolate.    Vampire chocolate has no natural or artificial flavorings.

19.   According to ReadCacao.com, "A good chocolate should have no more than around 4 ingredients: Cocoa beans, cocoa butter, sugar, milk powder or alternative milk (if it's a milk chocolate), and sometimes the addition of an emulsifier."

20.   Hershey's KISSES clearly are not good chocolate, and to a purist, are not actually chocolate at all due to their low level of cocao.

21.   Unfortunately, Vampire Family Brands recently learned that Hershey's began to use the VAMPIRE mark and apply it to their KISSES.

22.   Vampire Family Brands saw that Hershey's was advertising VAMPIRE Chocolate on its www.hersheys.com website and is selling its infringing product at Walmart, Target and Walgreens stores throughout the country.  The use of Plaintiff's VAMPIRE mark in connection with the Hershey chocolates is likely to cause confusion or mistake as to origin, source, and/or sponsorship.  Such use will undermine the good will that Plaintiff has built up in its VAMPIRE brand.

23.   On October 29, 2020, Plaintiff purchased a couple bags of the infringing product  from a Target Store on the corner of La Brea and Santa Monica Blvd., in Los Angeles.

24.   Normally Hershey's has a narrow strip of paper sticking out from the silver wrapping on top of one of its KISSES that says the word "KISSES."  The strip of paper has a functional purpose too.  Pulling on the paper makes it easier to remove the wrapping.

25.   Recently Hershey's changed its packaging so that instead of writing their traditional brand KISSES on the narrow strip of paper, Hershey's began

writing Plaintiff's VAMPIRE brand on the narrow strip of paper as seen on Exhibit A below.

26.     The new KISSES branded with Plaintiff's VAMPIRE mark on the piece of chocolate are sold in a bag that weighs 9 ounces.  Pictures of the new KISSES branded with Plaintiff's VAMPIRE mark on the piece of chocolate appear prominently on the front side of the bag as seen on Exhibit A

27.     The back of the bag says:  VAMPIRE HERSHEY'S KISSES with the word VAMPIRE appearing in a stylized font with an exaggerated long edge at the bottom of the V and an exaggerated long edge of the "v" within the letter M in VAMPIRE as pictured below in Exhibit B.

28.     The VAMPIRE MARK is three times the size of HERSHEYS' and is approximately the same height as KISSES.

29.     On the front side of the package, above the descriptive words "milk chocolate" the VAMPIRE mark appears in the stylized form four or five times larger than the words milk chocolate, indicating that the contents of the bag contain VAMPIRE branded milk chocolate.  (Please see Exhibit A.)

30.     On the side of the package, the stylized form of Plaintiff's VAMPIRE mark appears just as large as KISSES and five times larger than HERSHEY'S (as depicted in Exhibit C.)  In sum, defendant Hershey's has misappropriated plaintiff's VAMPIRE mark and used it to co-brand Hershey's chocolate product as Hershey's VAMPIRE KISSES.

31.     Upon information and belief, Hershey's intentionally chose the VAMPIRE mark for their chocolate products.  Upon information and belief intentionally chose to use the VAMPIRE mark knowing that Plaintiff had numerous Vampire trademarks, including one for chocolate.

32     Plaintiff markets its brands through a national network of wholesalers, and via the website: www.vampire.com.  Vampire wine sells for anywhere between $10 to $15 per bottle nationally at retail stores.  Vampire wine is also available in

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset  Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

bars and restaurants on wine lists.  A box of 25 one-ounce bars of VAMPIRE fine Belgium chocolate is $69.95 .  By contrast 9 ounces of the accused product sells for approximately $3 at Target.  The vast difference in pricing reflects the vast difference in quality as well.  The vast difference in pricing and quality is also reflective of the irreparable harm being done to Plaintiff's VAMPIRE brand and goodwill.

33.    Plaintiff and its associates have worked hard to ensure that they put the best products possible under the VAMPIRE brand.  In addition to only using the fine Belgium chocolate in VAMPIRE chocolate products, over the last few years, Plaintiff's Vampire family of wines have received some great reviews and have won Gold Medals, including Gold Medals at the San Francisco Chronical Wine Competition for its Vampire Merlot, Vampire Cabernet Sauvignon, Vampire Pinot Noir, a Gold Medal and 92 Rating from the Los Angeles International Wine & Spirits Competition awarded to Vampire Cabernet Sauvignon, Gold Medals at the Texas International Rodeo Wine Competition, and 92 and 97 point ratings for its highest end Trueblood Cabernet Sauvignon.

34.    Plaintiff has spent substantial amounts of time and money building up, advertising, and promoting its VAMPIRE branded products.  By virtue of the popularity of its VAMPIRE branded products, its advertising, promotion, and sales, plus the popularity of its websites, including vampire.com, Plaintiff has built up and own extremely valuable goodwill which is symbolized by Plaintiff's various VAMPIRE family of marks.

35.    Defendants intentional wrongful acts are harming Plaintiff's VAMPIRE family of branded products and reputation.

36.    If defendants are not stopped from marketing chocolate using Plaintiff's VAMPIRE mark and or a mark confusingly similar to VAMPIRE, then consumers will likely be confused about the source and origin of Defendants'

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

products and services and mistakenly conclude that Defendants' products or services are produced by, or associated with Plaintiff and/or its licensees.

37.    Alternatively, if Defendants are not stopped from marketing food using Plaintiff's Vampire mark or a mark confusingly similar to Vampire, then consumers will likely be confused about the source and origin of Plaintiff's (or its licensees') products and services and mistakenly conclude that Plaintiff's (or its licensees') products or services are produced by, or associated with Defendants.

## COUNT I
## <u>VIOLATION OF LANHAM ACT 15 U.S.C. §1125(a)</u>

38.    Plaintiff realleges the allegations in paragraphs 1 though 37.

39.    Defendants have large resources with which to market and advertise its goods and services.   Defendants' resources vastly exceed those of Plaintiff. Consequently, marketing and advertising efforts by Defendants are likely to mislead consumers to believe that Plaintiff's VAMPIRE chocolate may be unauthorized use of trademarks that Hershey's owns.  If defendants are able to continue their wrongful acts, consumers are likely to be misled to believe that Plaintiff is misusing the VAMPIRE mark.  If defendants are able to continue their wrongful acts, it would seem natural for consumers to mistakenly come to believe that since Hershey's sells VAMPIRE KISSES, it too would have some affiliation with Plaintiff's other trademarked goods and services.  As a result, Plaintiffs' reputation and goodwill will be impaired.

37.    Also, Defendants' use of the word VAMPIRE for chocolate so closely resembles Plaintiff's products and services (including Plaintiff's Vampire chocolate mark) that the public is likely to be confused and deceived, and to assume erroneously that defendants' goods are those of Plaintiff, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset  Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

38.    Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or services offered or sold by defendants.

39.    Plaintiff has no control over the nature and quality of the goods and services offered and sold by defendants or its licensees.  Any failure, neglect, or default by defendants or its licensees in providing such products or services will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect its outstanding reputation and preventing Plaintiff from further building its reputation.  Said failure, neglect, or default will result in loss of revenue by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote its goods and services under the VAMPIRE mark, all to the irreparable harm of Plaintiff.

40.    Without the knowledge or consent of Plaintiff, Defendants have marketed and sold in interstate commerce, and in commerce substantially affecting interstate commerce, chocolate branded under the VAMPIRE mark and continue to do so.  Defendants have promoted, publicized, advertised, offered for sale, and/or sold, chocolate using the VAMPIRE mark through persons not authorized, employed by, or associated in any way with Plaintiff and have used the aforementioned trade name and trademark as a false designation and false representation for food products.

41.    None of Defendants' activities complained of in this complaint have been authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks and/or trade names in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade names, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

42.    Upon information and belief, Defendants have acted with the unlawful purpose of:

10

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

a. Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

b. Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, goods and services marketed under the VAMPIRE mark through persons not authorized by, employed by, or associated in any way with Plaintiff;

c. Inducing others to infringe Plaintiff's trademarks and trade names; and

d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and its licensed trademarks and trade names.

43.     Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1125(a).

44.     If Defendants are allowed to continue marketing and selling the accused goods and services, Plaintiff will be damaged as alleged in this complaint, and the Defendants will profit thereby.  Furthermore, unless the Court permanently enjoins Defendants conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

45.     Defendants' aforementioned acts and conduct is being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop.  Plaintiff is therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

46.     The intentional nature of defendant's acts makes this an exceptional case under 15 U.S.C. §1117(a).

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

47.     The intentional nature of defendant's acts and conduct makes this a case suitable for an award of Three Times Defendants' profits, plus Plaintiff's attorneys fees.

### COUNT II
### VIOLATION OF LANHAM ACT 15 U.S.C. §1114

48.     Plaintiff repeats each allegation contained in paragraphs 1 through 47 as though set forth herein at length.

49.     Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's registered marks.

50.     Defendants' goods are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their VAMPIRE branded goods and services, as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

51.     Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff.  Furthermore, Plaintiff has not approved any of the goods or services offered or sold by Defendants.

52.     Defendants aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop.  Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their Vampire branded tacos and restaurant services will hinder the prospects of future commercial success of Plaintiff's VAMPIRE family of brands, including its further foray into the food, cocktail and restaurant space.  Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MACHAT & ASSOCIATES, P.C.**
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

## COUNT III
## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

53.    Plaintiff repeats each allegation contained in paragraphs 1 through 52 as though set forth herein at length.

54.    Defendants have engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

55.    The unlawful and unfair conduct is injuring the goodwill of Plaintiff and its lawful licensees.

56.    Defendants are liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

57.    By this conduct, Plaintiff has directly suffered injuries and each Defendant has been unjustly enriched.

58.    Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

59.    As a consequence of the unfair competition by Defendants, Plaintiff is suffering irreparable injury, by reason of which such conduct should be enjoined.

60.    Plaintiff is entitled to reasonable attorneys' fees.

61.    Plaintiff is informed and believes, and on that basis alleges, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiff is therefore entitled to punitive damages.

## COUNT IV
## UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

62.    Plaintiff repeats each allegation contained in paragraphs 1 through 61 as though set forth here at length.

13

63.    Defendants' use of Plaintiff's family of VAMPIRE brands and trademarks misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods and services, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and Cali4ornia common law.

64.    Defendants' use of Plaintiff's family of VAMPIRE brands and trademarks is likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

65.    As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiff and the general public. The interests of the general public and Plaintiff are, therefore, closely related.

66.    Defendants have been unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly thought that they were purchasing Plaintiff's VAMPIRE goods and/or goods sponsored by Plaintiff, but instead were purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

67.    Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff, on behalf of itself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such acts of unfair competition and false advertising, and enjoining Defendants from continuing to market, promote, advertise, offer for sale, and sell, and advertise goods or services using the Vampire mark. Plaintiff additionally requests an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of its acts of unfair

14

competition and false advertising.  Plaintiff further requests they be paid interest and attorneys' fees.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.    That the Court adjudge and decree that Defendants have falsely designated the origin of certain goods and services as those of Plaintiff, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such goods and services, and have unfairly competed with Plaintiff at common law.

2.    That the Court adjudge and decree that Defendants have infringed Plaintiff's registered VAMPIRE trademarks.

3.    That the Court adjudge and decree that Defendants unlawfully induced others to infringe upon Plaintiff's trademarks.

4.    That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

    a.  Using VAMPIRE, or any other word or words which are similar to, or a colorable imitation of, Plaintiff's trade names and marks, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of food or beverages. ;

    b.  Selling, offering to sell, marketing, distributing, advertising and/or promoting any FOOD product, goods or service with the word VAMPIRE displayed on any product, packaging, advertising or promotional materials;

    c.  Representing directly or indirectly by words or conduct that any food product, goods or services offered for sale, sold, promoted, or

MACHAT & ASSOCIATES, P. C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

15

advertised by Defendant, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

    d.  Aiding or abetting in unfair competition against Plaintiff;

    e.  Aiding or abetting in false advertising; and

    f.  Inducing others to engage in any of these aforementioned acts.

5.    That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater.

6.    That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising to cover a national campaign at least ten times the size of defendant's unlawful promotional campaign.

7.    That the Court award Judgment against Defendant for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

8.    That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

9.    That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff, in its discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,
MACHAT & ASSOCIATES, P.C.

Dated:  November  30 , 2020    By: *Michael Machat*
Michael Machat, Esq.
Attorneys for Plaintiff
Vampire Family Brands, LLC

Michael Machat, Esq. (SBN 109475)
michael@machatlaw.com

16

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Tel.: (310) 860-1833

David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab Samuel (SBN 228296)
esamuel@hdmnlaw.com
HACKLER DAGHIGHIAN MARTINO
& NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste. 500
West Hollywood, California 90069
Telephone: (310) 860-1833

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,
MACHAT & ASSOCIATES, P.C.

Dated:  November  30 , 2020

By: *Michael Machat*
Michael Machat, Esq.
Attorneys for Plaintiffs
Vampire Family Brands, LLC

Michael Machat, Esq. (SBN 109475)
michael@machatlaw.com
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Tel.: (310) 860-1833

David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab Samuel (SBN 228296)
esamuel@hdmnlaw.com
HACKLER DAGHIGHIAN MARTINO
& NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

EXHIBIT A



EXHIBIT B



EXHIBIT C

